UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TATYANA EVGENIEVNA DREVALEVA,

    Plaintiff,

    v.

UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,

    Defendants.
_____/

No. C 09-3925 PJH

**ORDER OF DISMISSAL**

Plaintiff filed this action on August 25, 2009, against defendants Department of Homeland Security and U.S. Citizenship and Immigration Services ("USCIS"), seeking an order "overturning" the order denying her application for an I-360 visa petition under the Violence Against Women Act.

Also on August 25, 2009, plaintiff filed a request for leave to proceed in forma pauperis ("IFP"). Because plaintiff has failed to clarify the basis for jurisdiction in this court, and because the complaint fails to state a claim, the action is dismissed pursuant to 28 U.S.C. § 1915(e).

**BACKGROUND**

Plaintiff Tatyana Evgenievna Drevaleva ("Drevaleva") is a citizen of the Russian Federation. In 2003, she began corresponding with David B. Lynch ("Lynch") on the Internet. She met Lynch in Moscow in November 2003, and they decided to get married. On November 21, 2004, Drevaleva was admitted to the United States as a K-1 nonimmigrant fiancée. On January 9, 2005, Drevaleva and Lynch were married in Sacramento, California.

On February 9, 2005, Drevaleva filed a Form I-485, Application to Register

Permanent Residence or Adjust Status, seeking to adjust her status to that of a lawful permanent resident as the spouse of a United States citizen. Lynch submitted an affidavit of support on Drevaleva's behalf.

On February 23, 2005, Lynch wrote USCIS, stating that he wished to withdraw the affidavit of support. On March 14, 2005, Lynch filed a petition for annulment of the marriage, but apparently withdrew the petition. On April 19, 2005, Lynch filed a petition for dissolution of marriage in the Superior Court of California, County of Sacramento. On May 4, 2005, Lynch wrote a follow-up letter to USCIS reiterating that he wished to withdraw the affidavit of support.

On May 26, 2005, USCIS denied Drevaleva's petition for adjustment of status, based on Lynch's withdrawal of the affidavit of support, and advised her that she was required to leave the United States immediately.

On July 7, 2005, Drevaleva filed a self-petition Form I-360 with the Vermont Service Center ("VSC") of USCIS, seeking immigrant classification under INA § 204(a)(1)(A)(iii), 8 U.S.C. § 1154(a)(1)(A)(iii), as an alien battered or subject to extreme cruelty by a United States citizen.

Drevaleva does not claim that she suffered physical abuse, but rather asserts that she was the victim of extreme cruelty. She contends that Lynch engages in a form of sexual fetishism in which women are paid for their participation, and that he has also been involved in the filming of such activities and the marketing of those films. Drevaleva asserts that she is not, and was not, interested in participating in these activities, which she likens to prostitution. She also considers the films to be pornography.

On February 6, 2006, the Sacramento County Superior Court entered a judgment of dissolution of the marriage of Lynch and Drevaleva.

On June 22, 2006, the director of the VSC issued a notice of intent to deny Drevaleva's I-360 petition, stating that based on the numerous inconsistencies and discrepancies in the Form I-360 and supporting documentation, Drevaleva was no longer considered a credible witness, and would therefore be required to submit independent

evidence to establish that she had been the victim of battery and/or extreme cruelty committed by Lynch. In response, Drevaleva submitted additional evidence to support her claim of extreme cruelty.

In February 2007, Drevaleva filed a second I-360 petition with the VSC. Drevaleva claims that she found more evidence on the Internet, which she allegedly submitted with the second petition.

On March 9, 2007, the director of the VSC denied Drevaleva's original I-360 petition, noting that the documentation submitted had not resolved the numerous inconsistencies and discrepancies, and stating that Drevaleva would therefore be deemed unreliable as a witness. As the only evidence of alleged cruelty was Drevaleva's own statements or letters from third parties based on her statements, the director concluded that there was no evidence to support the claim of extreme cruelty.

Drevaleva filed a notice of appeal. The appeal was considered by the USCIS Office of Administrative Appeals ("OAA").

In a decision issued on April 3, 2009, the OAA affirmed the director's decision that Drevalava had not established the requisite battery or extreme cruelty. After noting that Drevalava conceded that no battery had occurred, the OAA found that the evidence provided by Drevaleva did not establish that Lynch's behavior rose to the level of extreme cruelty, as defined in 8 C.F.R. § 204.2(c)(1)(vi).

In particular, the OAA found that Lynch's actions, as alleged, did not include forceful detention, psychological or sexual abuse or exploitation, rape, molestation, incest, or forced prostitution; and found further that his behavior was not accompanied by any coercive actions or threats of harm that were aimed at ensuring dominance or control over Drevaleva.

The OAA concluded that Drevaleva had not established battery or extreme cruelty as required by INA § 204(a)(1)(A)(iii)(I)(bb), and found that she was consequently ineligible for immigrant classification pursuant to INA § 204(a)(1)(A)(iii), and that the petition must be denied. Accordingly, the OAA dismissed the appeal.

Drevaleva filed this action on August 25, 2009.  She claims that Immigration Service requested evidence from her, but that the VSC "twisted my statement around, simply ignored the most important facts, inappropriately speculated my explanations, and denied my I-360 . . . petition."  Similarly, she asserts, the OAA "twisted my information around, completely ignored the most important documents and my statements, and continued to accuse and slander me, defending my ex-husband."  She wants this court to "read all provided documents carefully and only follow . . . common sense," and to "defend me from the abusive behavior of the Department of Homeland Security and overturn their last decision."

Drevaleva also states that after reading the April 3, 2009 denial letter from the OAA, she formed the "impression" that the VSC would "have the same tactic" against her in her "second petition."  For that reason, she apparently determined not to wait for the decision on the second I-360 petition before filing this action.  Accordingly, the court interprets this action as an attempt to appeal the April 3, 2009 decision denying her I-360 visa application.

## DISCUSSION

A.   Legal Standard

The court may authorize a plaintiff to file an action in federal court without prepayment of fees or security if the plaintiff submits an affidavit showing that he or she is unable to pay such fees or give security therefor.  28 U.S.C. § 1915(a).  When a complaint is filed in forma pauperis, it must be dismissed prior to service of process if it is frivolous or malicious, fails to state a claim, or seeks monetary damages from defendants who are immune from suit.  28 U.S.C. § 1915( e)(2); see also Franklin v. Murphy, 745 F.2d 1221, 1226-27 (9th Cir. 1984 ).

A complaint is frivolous for purposes of § 1915(e) if it lacks any arguable basis in fact or in law.  Neitzke v. Williams, 490 U.S. 319, 328- 30 (1989).  A complaint lacks an arguable basis in law only if controlling authority requires a finding that the facts alleged fail to establish an arguable legal claim.  Guti v. INS, 908 F.2d 495, 496 (9th Cir. 1990).

When a complaint is dismissed under § 1915(e), the plaintiff should be given leave

to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (dismissal of complaint as frivolous).

D.   Analysis

The court finds that the complaint fails to comply with Federal Rule of Civil Procedure 8, which requires that that "[a] pleading that states a claim for relief" contain the following:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a)

Plaintiff's complaint consists of 167 pages, single-spaced, plus well over 500 pages of untabbed and unindexed attachments or exhibits. This qualifies as neither "short" nor "plain." All that the court is able to determine is that plaintiff is dissatisfied with the ruling of the OAA in connection with the denial of her first I-360 petition.

The complaint is dismissed with leave to amend. Plaintiff shall file an amended complaint that states the basis for the court's jurisdiction, and that also states the grounds for relief, and shall attach only those documents that are necessary to state a claim.

## CONCLUSION

In accordance with the foregoing, the complaint is DISMISSED with LEAVE TO AMEND. Any amended complaint must be filed no later than January 25, 2010.

**IT IS SO ORDERED.**

Dated: December 23, 2009

_____
PHYLLIS J. HAMILTON
United States District Judge