UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TATYANA EVGENIEVNA DREVALEVA,

    Plaintiff,

v.

U.S. CITIZENSHIP AND IMMIGRATION SERVICES,

    Defendant.
_____/

No. C 09-3925 PJH

**ORDER GRANTING MOTION TO DISMISS**

Before the court is the motion of defendant U.S. Citizenship and Immigration Services ("USCIS") for an order dismissing the above-entitled action filed by plaintiff Tatyana Evgenievna Drevaleva, a citizen of the Russian Federation. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS the motion.

On July 7, 2005, plaintiff filed a Form I-360 visa petition with the USCIS, seeking immigrant classification under 8 U.S.C. § 1154(a)(1)(A)(iii), as an alien battered or subjected to extreme cruelty by a United States citizen. On June 22, 2006, the Vermont Service Center of the USCIS issued a notice of intent to deny the I-360 petition. In response to the notice of intent to deny, plaintiff submitted additional evidence to support her claim of extreme cruelty.

In February 2007, plaintiff filed a second I-360 petition with the USCIS, submitting additional evidence she discovered on the Internet. On March 9, 2007, the Vermont

Service Center of the USCIS denied plaintiff's original I-360 petition.

Plaintiff filed a notice of appeal with USCIS' Office of Administrative Appeals ("OAA").  On April 3, 2009, the OAA affirmed the USCIS' decision to deny the original I-360 petition, concluding that plaintiff had not established battery or extreme cruelty as required under 8 U.S.C. § 1154(a)(1)(A)(iii).

On August 25, 2009, plaintiff filed the present action seeking review of the USCIS's decision to deny her I-360 petition. On December 23, 2009, this court dismissed the complaint, with leave to amend.  Plaintiff filed a first amended complaint on January 14, 2010.

On February 22, 2010, while this action was pending, the USCIS granted plaintiff's second I-360 petition.  The USCIS now seeks dismissal of this action, arguing that the action is now moot because plaintiff's I-360 petition has been approved.

Article III of the United States Constitution requires the existence of a live case or controversy throughout all stages of federal judicial proceedings. LGS Architects, Inc v. Concordia Homes of Nevada, 434 F.3d 1150, 1153 (9th Cir. 2006).  If there is no longer a possibility that a party can obtain the relief sought in the complaint, a claim is moot and must be dismissed for lack of jurisdiction. Allard v. DeLorean, 884 F.2d 464, 466 (9th Cir.1989).  In general, a case becomes moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome. Murphy v. Hunt, 455 U.S. 478, 481 (1982).

To satisfy the Article III case or controversy requirement, a litigant must have suffered some actual injury that can be redressed by a favorable judicial decision. Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 (1983).  "A case becomes moot when interim relief or events have deprived the court of the ability to redress the party's injuries." American Cas. Co. of Reading, Pa. v. Baker, 22 F.3d 880, 896 (9th Cir. 1994).

In the first amended complaint, plaintiff alleges federal jurisdiction under the Administrative Procedures Act, 5 U.S.C. § 702, seeking "relief from the actions of the Department of Homeland Security and the United States Citizenship and Immigration

2

Services." FAC at 1. Specifically, plaintiff sought an order "overturn[ing] the decision of the Vermont Service Center and the Administrative Appeals Office under the Administrative Procedure[s] Act." FAC at 33.

In this case, the only decision taken by the Vermont Service Center and the OAA as of the date the complaint was filed was the denial of plaintiff's original I-360 petition. However, plaintiff's second I-360 petition has now been granted, and plaintiff has obtained the relief she sought in this case. Thus, the case is moot, and must be dismissed for lack of subject matter jurisdiction.

The date for the hearing on the motion, previously set for June 2, 2010, is VACATED.

**IT IS SO ORDERED.**

Dated: May 26, 2010

_____
PHYLLIS J. HAMILTON
United States District Judge